[793 NYS2d 439]

In the Matter of MARYANN ZALESAK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 11, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Ambus-Russel, P.C.,* Jericho (*Gregory T. Ambus* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated February 6, 2004, containing one charge of professional misconduct. After a hearing on June 2, 2004, with no posthearing memoranda submitted, Special Referee John P. Clarke sustained the charge. The petitioner now moves for an order to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an answering affirmation to the motion to confirm the Special Referee's report and in support of her cross motion to correct, revise, and confirm the Special Referee's report. She requests that the sanction imposed be limited to a written reprimand or a private censure.

The charge alleges that the respondent was convicted of alcohol-related crimes and other offenses.

On or about July 9, 2002, the respondent was arrested in Nassau County and charged under District Court docket No. 2002NA020692 with the unclassified misdemeanors of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), and the traffic infraction of following too closely, in violation of Vehicle and Traffic Law § 1129 (a). On January 23, 2003, those charges were resolved in a bargained-for disposition whereby the respondent pleaded guilty to the reduced and amended charges of driving while ability impaired by alcohol and failure to signal, in violation of Vehicle and Traffic Law § 1192 (1) and § 1163 (a), both traffic infractions. The second charge of driving while intoxicated was dismissed in satisfaction of the plea. The respondent was sentenced before the Honorable Lea Ruskin, of the Nassau County District Court, to a conditional discharge, 20 hours of community service, a $300 fine, a $30 surcharge, a 90-day license suspension on the first charge, and a $75 fine and $20 surcharge on the second charge.

On or about September 11, 2002, the respondent was arrested in the City of Glen Cove under Glen Cove City Court and charged under docket No. 2002-0431 with the class A misdemeanors of reckless endangerment in the second degree, in violation of Penal Law § 120.20, and obstructing governmental administration in the second degree in violation of Penal Law § 195.05, the unclassified misdemeanor of driving while

intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), and the traffic infractions of leaving the scene of an accident and failing to keep right, in violation of Vehicle and Traffic Law § 600 (1) and § 1120 (a). On January 7, 2003, those charges were resolved in a bargained-for disposition whereby the respondent pleaded guilty to driving while intoxicated as charged and the reduced and amended charge of attempted violation of Penal Law § 120.20. The three remaining charges were dismissed in satisfaction of the plea. On or about February 25, 2003, the respondent was sentenced by the Honorable Richard J. McCord to three years probation, a $500 fine, a $30 surcharge, and a revocation of her license for six months, with respect to the Vehicle and Traffic Law § 1192 (3) count, and an unconditional discharge, a $110 fine, and a $10 surcharge with respect to the attempted violation of Penal Law § 120.20 count.

Based on the respondent's admissions, the certificates of conviction, and the respondent's testimony, the Special Referee properly sustained the charge to the extent of the respondent's postadmission alcohol-related convictions. Accordingly, the petitioner's motion to confirm the Special Referee's report and the respondent's cross motion to correct, revise, and confirm the Special Referee's report are granted only to the extent that the charge is sustained with respect to the respondent's postadmission convictions and are otherwise denied.

In determining an appropriate measure of discipline to impose, the petitioner notes that the respondent has no disciplinary history. In view of the mitigation offered by the respondent, including her character references, the respondent is publicly censured for her professional misconduct.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and RIVERA, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report and the respondent's cross motion to correct, revise, and confirm the Special Referee's report are granted only to the extent that the charge is sustained with respect to the respondent's postadmission convictions and are otherwise denied; and it is further,

Ordered that the respondent is publicly censured for her professional misconduct.